UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NELSON CARVAJAL

                          Plaintiff,                    Index No.:

                                                    **VERIFIED COMPLAINT**
      -against-                    **JURY TRIAL DEMANDED**

TAZA PRODUCE, INC., D/B/A TAZA PRODUCE, AND
JOHN DOE AKA "EL SEMENTAL"

                          Defendants.
------------------------------------------------------------------------X

       Plaintiff, **NELSON CARVAJAL,** by and through his attorneys at Heriberto A. Cabrera & Associates, as and for their Complaint against *TAZA PRODUCE INC. D/B/A TAZA PRODUCE, AND JOHN DOE AKA "EL SEMENTAL"* ("Defendants"), respectfully alleges as follows:

## INTRODUCTION

1. This is a suit to recover unpaid overtime hours compensation from the Defendants, pursuant to New York State Labor Law Sections 190 *et seq* ("NYSLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks unpaid overtime wages, minimum wages, liquidated damages, notice violations, reasonable attorney's fees, costs, and pre and post-judgment interest for Defendants' willful failure to pay overtime, and spread of hours, inter alia, to Plaintiff Nelson Carvajal (hereinafter "Carvajal")

3. Plaintiff demands a jury trial on all issues that may be tried by a jury.

## PARTIES

4. Plaintiff, Carvajal, is a resident of Kings County, New York, and he was an employee of Defendants as a stock person. During the course of his

1

employment with defendants, he worked at:

 a. Taza Produce located at 302 86th Street, Brooklyn, NY 11209

5. Upon information and belief, Taza Produce Inc., is a domestic corporation doing business within the State of New York as Taza Produce Inc., and has a principal place of business in Kings County at 302 86th Street, Brooklyn, NY 11209.

6. Upon information and belief, Taza Produce Inc., is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

7. Taza Produce Inc., is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a laundromat company based at 302 86th Street, Brooklyn, NY 11209, whose Defendants controlled the terms, conditions and pay practices relating to the Plaintiff.

8. Upon information and belief, Defendant, John Doe aka "El Semental", whose home address is unknown, is an individual and a natural citizen of the United States of America and doing business within the State of New York, in the City and County of Kings, and has principal places of business at the following location:
302 86th Street Brooklyn, NY 11209

9. Defendant John Doe aka "El Semental." is an individual engaging (or who was

engaged) in business in this judicial district during the relevant time period. Defendant John Doe aka "El Semental", is sued individually in his capacity as an owner, officer, and/or agent of Defendants.

10. Upon information and belief, Defendant John Doe aka "El Semental", possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendants.

11. Defendant John Doe aka "El Semental", determined the wages and compensation of the employees of Defendants, including Plaintiff.

12. Defendant John Doe aka "El Semental", established the schedule of the Plaintiff.

13. Defendant John Doe aka "El Semental", directed works tasks and assignments for employees, including Plaintiff's.

14. Defendant John Doe aka "El Semental", issued pay to Plaintiff.

15. Defendant John Doe aka "El Semental", disciplined Plaintiff.

16. Defendant John Doe aka "El Semental", had the authority to hire and fire employees.

17. Upon information and belief, Defendant, John Doe aka "El Semental", has ownership interest in the corporate defendants and he is a manager and supervisor of all his employees and the employees of the corporate defendants.

18. Plaintiff was an "employee" of Defendant, John Doe aka "El Semental", within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

19. Plaintiff was an "employee" of all the corporate defendants, within the

    meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

20. Defendant, John Doe aka "El Semental", and the corporate defendants through defendant John Doe aka "El Semental", controlled the hours, the task assignments and the overall work associated with Plaintiff's work at the store premises.

21. Defendant, John Doe aka "El Semental", and the corporate defendants through defendant John Doe aka "El Semental", controlled the terms and conditions of Plaintiff's employment and are thus "employers" within the meaning of 29 U.S.C Section 203(d) and NYSLL Section 190(3).

## JURISDICTION AND VENUE

22. This court has subject matter jurisdiction over Plaintiff's Fair Labor Standards Act ("F.L.S.A.") claims pursuant to 28 U.S.C. § 1331 and § 1337 and supplemental jurisdiction over Plaintiff's NYSLL claims pursuant to 28 U.S.C. § 1367.

23. This Court also has jurisdiction over Plaintiff's F.L.S.A. claims pursuant to 29 U.S.C. § 201 et seq. and in particular, 29 U.S.C. § 216(b).

24. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because this action concerns wages and hours violations that occurred within the Judicial District and all parties reside in and/or conduct business within the Judicial District.

## FACTS

25. At all times relevant to this Complaint, Plaintiff received payments from Defendants and were economically dependent on Defendants in regards to making their living.

26. Defendants had the power to hire and fire employees including Plaintiff.

27. Defendants supervised and controlled Plaintiff's work schedules and/or conditions of their employment.

28. Defendants, through their agents, determined the rate and method of payment of Plaintiff's wages.

29. Plaintiff, Carvajal, worked for Defendants as a Stock Person for the Defendants from on or about approximately July, 2022 until on or about February 18, 2023.

30. During the entire period of his employment, Plaintiff, Carvajal, worked for defendants as directed by Defendants at 302 86th Street Brooklyn, NY 11209, and was supervised and managed by Defendants.

31. Beginning on or about July, 2022 through on or about February 18, 2023, Plaintiff Carvajal worked six days per week from 8:00AM-8:00PM for a total of 72 hours per week.

32. During the period beginning on or about July, 2022 through on or about February 18, 2023, Plaintiff Carvajal was paid $750.00 weekly.

33. During the entire period of his employment, Plaintiff, Carvajal, worked for defendants as directed by Defendants at 302 86th Street, Brooklyn, NY 11209, and was supervised and managed by Defendants.

34. During the entire period of his employment, Plaintiff was never paid an overtime premium for the hours he worked.

35. Plaintiff did not exercise any discretion over his tasks or over any significant aspects of the manner the Defendants ran their business. Nor did Plaintiff have control over the manner he could execute the tasks assigned to them.

36. Plaintiff never received time off or any vacation time for the entire period of their

employment.

37. Upon information and belief, Defendants kept, and/or allowed to be kept, inaccurate records of the hours worked by Plaintiff.

38. Defendants failed to adequately and accurately disclose and/or keep track of the number of hours Plaintiff worked during the day, the total hours Plaintiff worked during the week and/or the total amount of overtime hours worked each week.

39. If Plaintiff's hours had been properly documented and calculated, then the Plaintiff's total amount of hours worked would have triggered payment calculated at premium overtime rates well in excess of the amount of money actually paid to Plaintiff by the Defendants.

40. Defendants' policy and practice was to be deliberately and/or willfully indifferent to the amount of regular wages and overtime wages that Plaintiff was entitled to under the law.

41. At all times, Defendants' policy and practice in regards to paying wages to Plaintiff had been willful in its violation of the relevant federal and state labor laws.

## FIRST CAUSE OF ACTION
*Failure to Pay Overtime Wages (Federal)*

42. Plaintiff re-alleges paragraphs 1-41 of this Complaint as if set forth fully herein.

43. Plaintiff was a non-exempt employee of the Defendants as understood by the FLSA at all relevant times.

44. At all relevant times, Plaintiff was not paid time and a half based on his regular hourly rate of pay for any and all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.

45. Plaintiff routinely worked hours in excess of 40 hours a week.

46. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

47. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to back pay for unpaid overtime wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
*Failure to Pay Overtime (State)*

48. Plaintiff re-allege paragraphs 1-47 of this Complaint as if set forth fully herein.

49. Plaintiff was employed by the Defendants within the meaning of the New York State Labor Law §§ 2(7) and § 190(2).

50. Defendants failed to pay Plaintiff overtime wages at a rate at least one and a half times his regular rate of pay for each hour worked in excess of forty hours per week.

51. Plaintiff routinely worked hours in excess of 40 hours a week.

52. Defendants' failure to pay overtime wages to Plaintiff violated New York Labor Law which requires employers pay employees overtime for hours worked in excess of 40 hours per week at the rate of one and a half times the employee's regular hourly wage or the prevailing minimum wage (whichever is greater).

53. Said violations have been willful within the meaning of New York State Labor Law § 198(1-a).

54. Thus, Plaintiff is to recover from Defendants unpaid overtime wages in an amount to be determined at trial, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

## THIRD CAUSE OF ACTION
*Failure to Pay Minimum Wages (Federal)*

55. Plaintiffs re-allege paragraphs 1-54 of this Complaint as if set forth fully herein.

56. Plaintiffs were non-exempt employees of the Defendants as understood by the

FLSA at all relevant times.

57. At all relevant times, Plaintiffs were paid below the controlling minimum wage required by state and federal law.

58. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

59. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
*Failure to Pay Minimum Wages (State)*

60. Plaintiffs re-allege paragraphs 1-59 of this Complaint as if set forth fully herein.

61. Plaintiffs were non-exempt employees of the Defendants as understood by the NYSLL at all relevant times.

62. At all relevant times, Plaintiffs were paid below the controlling minimum wage required by New York State law.

63. Said failure to pay was willful, deliberate and/or reckless without any good faith basis.

64. Thus, pursuant to Section 663(1) of the New York Minimum Wage Act, Plaintiffs are entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION
*Violation of the Notice and Recordkeeping*
*Requirements of the New York Labor Law*

65. Plaintiffs re-allege paragraphs 1-64 of this Complaint as if set forth fully herein.

66. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rate of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer' the name of the employer; any "doing businesses as" names used by the employer' the physical address of the employer's main office or principal place of business and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

67. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorney's fees.

### SIXTH CAUSE OF ACTION

*Violation of the Wage Statement Provisions
of the New York Labor Law*

68. Plaintiffs re-allege paragraphs 1-67 of this Complaint as if set forth fully herein.

69. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime house worked, as required by NYLL 195(3).

70. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

*Failure to Pay Spread of Hours (State)*

71. Plaintiff re-alleges paragraphs 1-70 of this Complaint as if set forth fully

    herein.

72. Defendants have not paid Plaintiff their due additional hours of pay for shifts whose Plaintiff worked in excess of 10 hours as required by NYSLL while making less than

or at minimum wage.

73. Such failure to pay was willful within the meaning of NYSLL § 198(1-a).

74. Defendant's willful and intentional failure to pay the spread of hours violates the New York State Code of Rules and Regulations, Title 12, § 142-2.4, which requires employers to pay an additional hour at minimum wage when an employee works in excess of 10 hours in a single day.

75. Plaintiff is entitled to compensatory damages for Defendants' failure to pay the required spread of hours for each day they worked more than 10 hours, as well as liquidated damages, reasonable attorney's fees, costs and prejudgment interest.

## PRAYER FOR RELIEF

**WHISEFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaration that the Defendants' acts and practices complained of herein are willful violations with the meaning of 29 U.S.C. § 260 and NYSLL § 198(1-a).

b. Directing Defendants to make Plaintiff whole for all unpaid overtime wages, minimum wages, and spread of hours pay due as a consequence of Defendant's violation of FLSA and NYSLL;

c. Directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

d. Awarding the Plaintiff, the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

e. Awarding the Plaintiff pre- and post-judgment interest as provided for in NYSLL § 198(1-a), and;

 f. Awarding the Plaintiff statutory damages pursuant to NY State Labor Law wage notification requirements, and;

 g. Awarding the Plaintiff such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues in the above matter.

Dated: Brooklyn, New York
   March 3, 2023

              **HERIBERTO A. CABRERA & ASSOCIATES**

              */s/ Heriberto Cabrera*
              Heriberto A. Cabrera, Esq.
              *Attorneys for Plaintiff*
              480 39th Street, 2nd Floor
              Brooklyn, NY 11232
              info@gonylaw.com